THI CUU, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 05–72245.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2009.*

Filed May 11, 2009.

Farah Loftus, Law Offices of Farah Loftus, Century City, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Le-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

fevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ernesto Horacio Molina, Jr., Yanal H. Yousef, OIL, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, O'SCANNLAIN and GRABER, Circuit Judges.

### MEMORANDUM **

Petitioner Cuu Thi, a native and citizen of Vietnam, petitions for review of a final order of the Board of Immigration Appeals, which determined that he was not eligible for relief under the Convention Against Torture (CAT), and ordered his deportation to Vietnam. Because the parties are familiar with the facts and procedural history of this case, we will discuss them only as necessary to explain our decision. Contrary to the government's argument, we have jurisdiction under 8 U.S.C. § 1252. *See Morales v. Gonzales,* 478 F.3d 972, 980 (9th Cir.2007). We review for substantial evidence, *see id.* at 977, and deny the petition for review.

Petitioner expressed a speculative fear that he would face harsh conditions if removed to Vietnam. As the BIA has held, "[s]pecific grounds must exist that indicate the individual would be personally at risk" to warrant CAT relief. *In re S–V–,* 22 I. & N. Dec. 1306, 1313 (BIA 2000) *overruled on other grounds by Zheng v. Ashcroft,* 332 F.3d 1186 (9th Cir.2003). The administrative record in this case supports the BIA's determination that the "specific grounds" that Petitioner alleged entitled

him to CAT relief did not make it more likely than not that he would be tortured if removed to Vietnam. *See* 8 C.F.R. § 208.16(c)(2). Thus, "[w]e cannot say on this record that the evidence compels" a finding that Petitioner is more likely than not to be tortured. *See Zhang v. Ashcroft,* 388 F.3d 713, 722 (9th Cir.2004) (per curiam). Substantial evidence supports the BIA's determination that Petitioner is not eligible for CAT relief.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

